The court is bound, if possible, to give some effect to both articles; and they are easily reconciled by considering article 1982, as applicable to a particular class of cases, in which the only alleged ground of nullity is an undue preference given to one of the creditors of an insolvent; and the other article, as applicable to all other contracts, by which creditors are injured. Such is the view which this court took of these provisions of the Code in the case of Petit *vs.* His Creditors, 3 *Louisiana Reports*, 26.

With this view of the case, and under the agreement made by counsel in this court, we do not think it important to examine several questions which arose on the trial below, but considering that the stock is shown to have been sold for *its full value at the time, and. to satisfy a debt privileged to be paid out of it by a contract no longer liable to be attacked by other creditors of the insolvent, either individually or collectively;* and, consequently, that the complaining creditors have not been injured by the sale of the stock to the bank, we think ourselves authorized to declare that the plaintiffs are not entitled to the remedy they seek.

The judgment of the District Court is, therefore, reversed; the verdict set aside, and judgment is here given for the defendants, with costs in both courts.

EASTERN DIST.
*January,* 1840.

ANDREWS &
HOLMES
*vs.*
CHANEY.

But the revocatory action may be brought within a year, by a single creditor. from the date of his judgment against his debtor, or, by a syndic, representing *all the creditors,* within a year from his appointment, to set aside *all contracts* of the insolvent debtor *by which creditors are injured.*

---

ANDREWS & HOLMES *vs.* CHANEY, (TWO CASES,)

In which the appeal was dismissed, because the sum in controversy was less than three hundred dollars.